KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
BOHDEN G. COLE, ESQ.
Nevada Bar No. 15719
**PACIFIC WEST INJURY LAW**
8180 Rafael Rivera Way, Suite 200
Las Vegas, Nevada 89113
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
Kirill@PacificWestInjury.com
Bohden@PacificWestInjury.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES HOLLINS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART INC., d/b/a WALMART, a foreign corporation; and DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive.<br><br>Defendants | Case No.: 2:24-cv-00494<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(EIGHTH REQUEST)** |

IT IS HEREBY STIPULATED AND AGREED, between the parties and their attorneys of record, that **the current discovery deadlines** pursuant to Local Rule 26-1(b).

## I.

## **DISCOVERY COMPLETED TO DATE**

1. The parties have conducted the FRCP 26.1 Early Case Conference.

2. Plaintiff has produced his Lists of Witnesses and Documents, and supplements thereto pursuant to FRCP 26(a) disclosing approximately 2000 pages.

3. Defendant has produced his Lists of Witnesses and Documents, and supplements thereto pursuant to FRCP 26(a).

4. Defendant has propounded Request for Admission (35), Request for Production of Documents (27) and Interrogatories (30) to Plaintiff on May 13, 2024.

5.    Plaintiff has responded to Request for Admission (35), Request for Production of Documents (27) and Interrogatories (30) on August 2, 2024.

6.    Defendant has propounded a Second Set of Interrogatories (6) on August 16, 2024.

7.    FRCP Rule 35 Examination of Plaintiff on September 30, 2024.

8.    Inspection of the subject premises on October 3, 2024.

9.    Plaintiff has propounded Request for Production of Documents (18) and Interrogatories (14) to Defendant on October 17, 2025.

10.    Defendant served its Designation of Initial Experts on October 31, 2024.

11.    Plaintiff served his Designation of Initial Experts on November 7, 2024.

12.    Defendant has responded to Request for Production of Documents (18) and Interrogatories (14) on November 25, 2024.

13.    Plaintiff has produced his First Supplement Lists of Witnesses and Documents on March 13, 2024.

14.    Plaintiff has produced his Second Supplement Lists of Witnesses and Documents on July 9, 2024.

15.    Plaintiff has produced his Third Supplement Lists of Witnesses and Documents on July 9, 2024.

16.    Plaintiff has produced his Fourth Supplement Lists of Witnesses and Documents on August 1, 2024.

17.    Plaintiff has produced his Fifth Supplement Lists of Witnesses and Documents on August 2, 2024.

18.    Plaintiff has produced his Sixth Supplement Lists of Witnesses and Documents on August 12, 2024.

19.    Plaintiff has produced his Seventh Supplement Lists of Witnesses and Documents on November 6, 2024.

20.    Plaintiff has produced his Eighth Supplement Lists of Witnesses and Documents on November 18, 2024.

20.    Defendant has served its First Supplement to Initial Experts on December 4, 2024.

21. Defendant has served its Designation of Rebuttal Experts on December 6, 2024.

22. Defendant has produced its First Supplement Lists of Witnesses and Documents on September 13, 2024.

23. Defendant has produced its Second Supplement Lists of Witnesses and Documents on October 17, 2024.

24. Defendant has produced its Third Supplement Lists of Witnesses and Documents on November 27, 2024.

25. Defendant has produced its Fourth Supplement Lists of Witnesses and Documents on December 10, 2024.

26. Defendant has produced its Fifth Supplement Lists of Witnesses and Documents on December 17, 2024.

27. Plaintiff has produced his Ninth Supplement Lists of Witnesses and Documents on January 6, 2025.

29. Defendant has produced its Sixth Supplement Lists of Witnesses and Documents on January 9. 2025.

30. Defendant has produced its Seventh Supplement Lists of Witnesses and Documents on February 27, 2025.

31. Plaintiff has produced his Tenth Supplement Lists of Witnesses and Documents on February 25, 2025.

32. Plaintiff has produced his Eleventh Supplement Lists of Witnesses and Documents on March 12, 2025.

33. Plaintiff has produced his Twelfth Supplement Lists of Witnesses and Documents on March 20, 2025.

34. Plaintiff has produced his Thirteenth Supplement Lists of Witnesses and Documents on April 21, 2025.

33. Defendant has produced its Eight Supplement Lists of Witnesses and Documents on April 24, 2025.

34. Plaintiff has produced his Fourteenth Supplement Lists of Witnesses and Documents

on June 12, 2025.

35. Defendant has served its Second Supplement to Initial Experts on June 24, 2025.

36. Deposition of Janette Hollins taken on August 22, 2024.

37. Deposition of Plaintiff James Hollins taken on August 22, 2024.

38. Deposition of David Hart taken on April 2, 2025.

39. Deposition of Dr. Wu taken on April 15, 2025.

40. Deposition of Dr. Luis Diaz taken on March 24, 2025.

41. Deposition of Dr. Willis Chang taken on March 24, 2025.

42. Deposition of Dr. Kenneth Chang taken on April 29, 2025.

43. Deposition of Dr. Andrew Manov taken March 27, 2025.

44. Deposition of David Elliott, P.E. taken on April 24, 2025.

45. Deposition of Dr. Nathan Richards taken on May 1, 2025.

46. Deposition of Dr. Eric Swanson taken on May 5, 2025.

47. Plaintiff has produced his Fifteen Supplement Lists of Witnesses and Documents on August 6, 2025.

48. Deposition of Defendant Walmart Inc.'s 30(b)(6) witness was taken on July 16, 2025.

49. On August 18, 2025, Plaintiff served his First Supplement to his Initial Expert Disclosure produced David Elliot's supplemental report.

## II.
## DISCOVERY THAT REMAINS TO BE COMPLETED

1. Continued Deposition of Defendant Walmart Inc.'s 30(b)(6) witness.

2. Witness Depositions.

3. Deposition of Dr. Nick Liu.

3. Any remaining discovery the parties deem relevant and necessary as discovery continues.

/ / /

/ / /

## III.

### REASONS THE PARTIES REQUEST TO EXTEND THE DISCOVERY DEADLINES

LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-3. If the stipulation is made less than twenty-one (21) days before the expiration of a deadline, the parties must show a good cause exist. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

FRCP 30(b)(6) witness deposition of Walmart recently occurred. Prior to the deposition, the parties met and conferred regarding the deposition topics. Walmart was going to file motion for a protective order. However, counsel met and conferred to narrow the dispute between the parties. Counsel agreed to proceed with the deposition with the understanding that an additional meet and confer would be necessary prior to a second deposition session of the witness. During the deposition, the deponent indicated that she was not prepared to testify regarding several topics and the parties had an agreement to conduct a subsequent meet and confer regarding disputed topics. Furthermore, during Defendant's 30(b)(6) deposition, Plaintiff learned the identity of the employees that were working at the time of the subject incident and desires to depose them.

The parties have been working on rescheduling the 30(b)(6) deposition of Walmart and have also agreed to attend mediation on October 6, 7, or 9th. The parties are finalizing the mediation date and the continued 30(b)(6) deposition date. There are outstanding discovery issues, including the 30(b)(6) deposition that the parties are collaboratively working to finalize. Additionally, the parties are setting the matter for private mediation.

For these reasons, the parties request to extend the close of discovery and dispositive motion deadline by 60 days

### IV. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | July 9, 2024 | July 9, 2024 |
| Initial Expert Disclosures | April 8, 2025 | April 8, 2025 |
| All Rebuttal Expert Disclosures | April 22, 2025 | April 22, 2025 |
| Discovery Cut-Off Date | August 27, 2025 | **October 27, 2025** |
| Dispositive Motions | August 28, 2025 | **October 28, 2025** |

The parties represent this Stipulation is sought in good faith and not interposed for delay or any other improper purpose.

Dated this 27th day of August, 2025.

PACIFIC WEST INJURY LAW

By: /s/ Kirill Mikhaylov
Kristopher M. Helmick
Nevada Bar No. 13348
Kirill V. Mikhaylov
Nevada Bar No. 13538
Bohden G. Cole
Nevada Bar No. 15719
8180 Rafael Rivera Way, Suite 200
Las Vegas, NV 89113
*Attorneys for Plaintiff*

Dated this 27th day of August, 2025.

TYSON & MENDES LLP

By: /s/ Griffith Hayes
Griffith H. Hayes
Nevada Bar No. 7374
2835 St. Rose Parkway, Suite 140
Henderson, Nevada 89052
*Attorneys for Defendant*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED this  8/28/2025

## CERTIFICATE OF SERVICE

I that on this 6th day of August 2025, I filed the foregoing **STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY DEADLINES (SEVENTH REQUEST)** as follows:

☐ **U.S. Mail:** By depositing a true and correct copy of said document(s) via U.S. mail, with postage pre-paid and addressed as listed below.

☐ **Hand Delivery:** I caused said document(s) to be delivered to the address(es) list below;

☐ **Electronic Mail:** I caused said document(s) to be delivered by emailing an attached Adobe Acrobat PDF of the document to the email address(es) identified below.

☒ **Electronic Service:** I caused said document to be delivered by electronic means upon all eligible electronic recipients via the United States District Court CM/ECF system or Clark County District Court E-Filing system (Odyssey).

Griffith H. Hayes, Esq.
Nicholas F. Psyk, Esq.
TYSON & MENDES LLP
2835 St. Rose Parkway, Suite 140
Henderson, NV 89052
ghayes@tysonmendes.com
aprince@tysonmendes.com
*Attorneys for Defendants*

/s/ Kirill Mikhaylov